UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH FOLSOM HERBERT,

                Plaintiff,

-against-

LIEUTENANT N. KORINES, 7am to 3pm; CORRECTION OFFICER D. TRAGIS. 7am to 3pm Tour Shift; MARK MILLER, Superintendent; CORRECTION OFFICER SERINO, 7am to 3pm Tour Shift; CORRECTION OFFICER DANIEL J. MURDOCK, CORRECTION OFFICER CHRISTOPHER D. BARTO

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/21/2024

23-CV-9529 (NSR)

SUPPLEMENTAL ORDER OF SERVICE

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who currently is incarcerated at Attica Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that, while he was incarcerated at Green Haven Correctional Facility, Defendants violated his constitutional rights. By order dated November 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] By Order dated April 19, 2024, the Court directed (1) the Clerk of Court to issue summonses for Defendants Lieutenant N. Korines, Correction Officer D. Tragis, Correction Officer Serino, and Superintendent Mark Miller and (2) the New York State Attorney General ("NYAG") to ascertain the identity and badge number of each John Doe whom Plaintiff sought to sue and the address where they might be served and to provide this information to Plaintiff. On June 12, 2024, the NYAG filed its response to the Court's Valentin Order and identified Correction

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Officer Daniel J. Murdock and Correction Officer Christopher D. Barton. On July 1, 2024, Plaintiff filed his Amended Complaint.

## DISCUSSION

A.  **Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Correction Officer Daniel J. Murdock and Correction Officer Christopher D. Barton through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled [“Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents.”](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Correction Officer Daniel J. Murdock and Correction Officer Christopher D. Barto, complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 78 Liberty Street, New York, New York 10007.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff and show service on the docket.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:    August 21, 2024
            White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Correction Officer Daniel J. Murdock #34177
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. Correction Officer Christopher D. Barto #36407
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582