USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH FOLSOM HERBERT,

                 Plaintiff,

     -against-

N. KORINES, *et al*,

                 Defendants.

---

No. 7:23-cv-09529 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

     *Pro se* Plaintiff Jeremiah Folsom Herbert ("Plaintiff"), a prisoner in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action under 42 U.S.C. § 1983 asserting unlawful retaliation under the First Amendment, as well as constitutionally inadequate treatment and abuse of power under the Eighth Amendment. Plaintiff sues workers employed by DOCCS, including Lieutenant Nicholas Korines, Correction Officers ("C.O.") David Tragis, Joel Serrano (sued as "Serino"), Christopher Barto, Daniel Murdock, and Superintendent of Green Haven Correctional Facility Mark Miller (collectively, "Defendants").

     Before the Court is Defendants' motion to dismiss ("Motion", ECF No. 44). Defendants seek to dismiss the Amended Complaint ("Amend. Compl.", ECF No. 17) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND

### I.     Factual Allegations

     The following facts are derived from the Amend. Compl. or through matters that the Court may take judicial notice. They are taken as true and constructed in the light most favorable to *pro*

*se* Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff is a prisoner in the custody of DOCCS and at all relevant times was incarcerated at Green Haven Correctional Facility. Plaintiff alleges that he was placed inside H-Block 267 ("H-Block") from October 3, 2023 until October 12, 2023. (Amend. Compl. 17.) The Plaintiff alleges H-Block's conditions were unsanitary. (*Id.*) Plaintiff describes H-Block as having feces on the wall, black mold, mildew, and an inoperable toilet, which led to Plaintiff's sleeping problems and headaches. (*Id.*) And from October 4, 2023 until October 8, 2023, Plaintiff alleges that the toilet overflowed with urine, feces, and vomit. (*Id.*)

On October 4, 2023, while being processed for an appearance at Sullivan County Family Court, Plaintiff alleges that he was taken to a room near B-Block by CO Serrano and was struck several times, causing injuries to Plaintiff's eyes, nose, mouth, and chest, which he alleges were unprovoked. (*Id.* at 18.) On the same day, at 1:10 PM, COs Serrano, Barto, and Murdock allegedly threw Plaintiff into a court transport van, slammed Plaintiff's head against the van window, and continued to assault Plaintiff. (*Id.*) Plaintiff alleges that he was denied medical attention for his injuries. *Id.* at 20. On October 5, 2023, Plaintiff filed a grievance complaint to the assault he allegedly endured on the previous day. (*Id.*)

On October 9, 2023, after a lockdown procedure at Green Haven Correctional Facility, Plaintiff alleges that COs, were ordered by Superintendent Mark Miller to conduct a strip search of the Plaintiff while placing Plaintiff inside of Special Housing Unit cell C-29, and struck Plaintiff in the back. (*Id.* at 21.) Plaintiff alleges that the strip search and assault was in retaliation for filing the grievance. (*Id.*) Plaintiff alleges that the assaults and excessive force violations continued until October 19, 2023. (*Id.* at 28.) Plaintiff filed several grievances for these assaults and misconduct.

(*Id.* at 26.) These grievances were consolidated and filed on November 3, 2023, approximately 10 days after the filing of the complaint, and the Superintendent's response was given to Plaintiff on February 24, 2024. (*Id.* at 37.) Plaintiff decided to appeal the Superintendent's findings to the Central Office Review Committee ("CORC") as signed on November 29, 2023. (*Id.*) Plaintiff does not provide a final CORC decision, nor does Plaintiff provide facts to show that thirty days lapsed for the CORC to make a decision before filing the original complaint.

## II.       Procedural History

On October 24, 2023, Plaintiff filed the original Complaint. (ECF No. 1.). On June 18, 2024, Plaintiff served the Amend. Compl., which was then filed on July 1, 2024. (ECF No. 17.) The Amend. Compl. is the operative complaint. Defendants filed the instant Motion on February 28, 2025, along with a Memorandum of Law in Support ("MoL"). (ECF No. 44). On February 28, 2025, Plaintiff filed a Memorandum of Law in Opposition to Defendants' Motion ("Opp.") (ECF No. 46.) On the same day, Defendants filed a Reply Memorandum of Law ("Reply") (ECF No. 47.)

## LEGAL STANDARDS

## I.       Rule 12(b)(1) Motion to Dismiss Standard

Under Federal Rules of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citation and internal quotations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). Without

3

jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case" and for that reason, a court must decide a Rule 12(b)(1) motion before any motion on the merits. *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016).

## II.        Rule 12(b)(6) Motion to Dismiss Standard

On a Federal Rules of Civil Procedure 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is also appropriate where an affirmative defense is raised, and it is clear that the plaintiff's claims are barred as a matter of law. *Conopco, Inc. v. Roll Int'l et al.*, 231 F.3d 82, 86-87 (2d Cir. 2000). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are to be liberally construed. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Id.* at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)). This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

**III.        42 U.S.C. § 1983 and the Prison Litigation Reform Act**

Section 1983 provides that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274, F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

Under the Prison Litigation Reform Act ("PLRA"), a plaintiff must exhaust all available administrative remedies prior to pursuing an action under 42 U.S.C. § 1983 with respect to prison conditions. 42 U.S.C. § 1997e(a). DOCCS has a three-level grievance procedure that must be exhausted prior to commencing a lawsuit. *See* N.Y. COMP. CODES R. & REGS. tit. 7 § 701.5. First, the prisoner must file a grievance with IGRC. *Id.* The next step is to file an appeal to the facility's superintendent. *Id.* The final level is an appeal to the CORC. *Id.* In the Second Circuit, defendants bear the burden of proof of the affirmative defense of exhaustion. *See Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). The PLRA's exhaustion requirement applies to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Prisoners are exempt from exhaustion requirements when administrative remedies are unavailable. *See Ross v. Blake*, 578 U.S. 632, 640-41 (2016). Administrative remedies are unavailable when (1) "it operates as a simple dead end-with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) remedies are "so opaque that it becomes, practically speaking, incapable of use—*i.e.*, some mechanism exists to

5

provide relief, but no ordinary prisoner can navigate it"; or (3) "when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation." *Id.* at 633. Achieving exhaustion of remedies after the complaint has already been filed in court generally does not save the claim from dismissal. *Neal v. Goord*, 267 F.3d 116, 122 (2d. Cir. 2001).

## DISCUSSION

Plaintiff failed to exhaust his available administrative remedies before filing the initial complaint and is thus barred from pursuing this current action. For Plaintiff to exhaust available administrative remedies, Plaintiff either needed to (1) receive a final administrative decision by CORC, or (2) have thirty days lapse after appealing the Superintendent's decision. *See* N.Y. Comp. Codes R. & Regs. tit. 7 § 701.5. While there is factual support that Plaintiff's grievances were appealed to the Superintendent, there is no factual support for a finding that, at the time of the complaint, the CORC had issued on Plaintiff's appeal of the Superintendent's decision, or that thirty days had lapsed from such an appeal. (Amend. Compl. at 37.)

Plaintiff submitted a copy of a consolidated grievance that is dated November 3, 2023, which is after the date of October 23, 2023, the date the complaint was filed. (*Id.*) The Superintendent's response to the grievances submitted by Plaintiff was filed on February 24, 2024, several months after the original complaint was filed. (*Id.*) Plaintiff signed this response on November 29, 2023, and indicated that he intended to appeal the Superintendent's decision to CORC. *Id.* This was over a full month after the start of this action. *Id.* Plaintiff does not provide a final CORC decision, nor does Plaintiff provide facts to show that thirty days lapsed for the CORC to make a decision before filing the original complaint. Accordingly, it is clear that Plaintiff has failed to exhaust the administrative remedies available prior to the October 24, 2023 filing. Even if Plaintiff had fully exhausted his available administrative remedies as of today, he prematurely

6

filed this action and is precluded from bringing this action. *See Neal v. Goord*, 267 F.3d 116, 121 (2d. Cir. 2001). Plaintiff does not allege that remedies were unavailable to him. Plaintiff does not allege that remedies were either (1) operating as a dead-end with officers unable to provide any relief, (2) the remedies were opaque that it becomes incapable of use, or (3) prison administrators thwart inmates from taking advantage of remedies. As such, Plaintiff cannot claim he is exempt from exhausting administrative remedies.

Defendants also moved to dismiss Plaintiff's complaint on the grounds of a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and on grounds of qualified immunity. Plaintiff's failure to exhaust his administrative remedies is a fully adequate ground for dismissal. As such, the court need not reach these additional arguments. Failure to exhaust administrative remedies is a "curable, procedural flaw" that can be fixed by exhausting those remedies and then filing the suit. *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999). Accordingly, Plaintiff's claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Amended Complaint is GRANTED for failure to demonstrate exhaustion of available administrative remedies.  This action is DISMISSED without prejudice for failure to state a claim on which relief can be granted. Plaintiff shall have until September 5, 2025 to file an amended pleading. If Plaintiff fails to timely file an amended pleading, the dismissal shall be deemed with prejudice. In the event Plaintiff timely complies, the Defendants shall have until October 5, 2025 to file an answer or respond to the amended pleading.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 43. The Clerk of the Court is further directed to mail a copy of this Opinion to *pro se* Plaintiff at *pro se* Plaintiff's address as it is listed on ECF and to show proof service on the docket.

Dated:    July 31, 2025,                                    SO ORDERED:
          White Plains, New York

                                                       _____
                                                            NELSON S. ROMÁN
                                                       United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____