UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
MR. JEREMIAH FOLSOM HERBERT,

                         Plaintiff,

-Against-

**Lieutenant Nicholas Korines, 7am to 3pm, et al.,**

                         Defendants.
----------------------------------------------------------

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/9/2026__

MOTION FOR APPOINTMENT OF
ASSIGNED COUNSEL

**23 Civ 9529  (NSR)**

ATTN: Justice Nelson Roman

Please take notice as pro-se plaintiff and pursuant to 1915; herby request this court appoint counsel to represent plaintiff in this case.

1) Plaintiff on **July 1st, 2024** was indeed granted in-forma pauperis (IFP) status by court and is unable to afford counsel.

2) On **November 3rd, 2024** Plaintiff timely filed second Amended complaint to which these court's docket # 102!

3) Plaintiff, has extremely limited knowledge of the law, court shall appoint counsel to represent plaintiff to have each defendants

*Nicholas Korines,*

*David Tragis ,*

*Mark Miller,*

*Joel Serrano,*

*Christopher Barto,*

Defendants deposition's need to be properly conducted and needs to be taken and Plaintiff will need to cross exam medical expert witnesses, Appointment of pro-bono Counsel will indeed be necessary upon this case for plaintiff seeks non-jury trial demand.

RECEIVED
JAN 0 5 2026
NELSON S. ROMÁN
U.S. DISTRICT JUDGE
S.D.N.Y.

Pro se Plaintiff's request for the appointment of counsel is denied for the same reasons they were denied a mere month ago per the Court's Order on December 4, 2025 (ECF No. 64.) The Court directs pro se Plaintiff to cease making repetitive requests in short order and notes that this matter is in the middle of motion practice per the briefing schedule set at ECF No. 61 for Plaintiff's motion to dismiss. Upon resolution of said motion, the matter may then proceed to discovery. The Clerk of Court is kindly directed to terminate the motion at ECF No. 68 and to mail Plaintiff a copy of this endorsement as well as another copy of the Court's Orders at ECF Nos. 61 and 64 at his address as listed on ECF and to show service on the docket. SO ORDERED:

Dated: January 9, 2026
White Plains, New York

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

4) **On July 31st, 2025 per order of Justice Nelson S. Roman**, plaintiff indeed does timely submit this application for Pro-bono Counsel for credibility issues supports the appointment of counsel. (see: Steel vs shah) (87 f.3d 1266,1271 (11th cic.1996)

5) Plaintiff pro-se, shall have appointment of counsel granted based off facts he is at a clear disadvantage against well-known civil right attorney **Maurice Nwikpo-Oppong,AAG**; and the whole Attorney General; Plaintiff case is getting into discovery rules and tactics and legal issues supports factors for appointment of pro-bono counsel to be fully granted by this court.

## THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the fact, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. *Carmona v. U.S. Bureau of Prsions*, 243 F.3d 629, 632 (2d Cir. 2001). Each of these factors weighs in favor of appointment of counsel in this case.

1.      *Factual Complexity* :__*On October 3rd,2023 plaintiffs constitutional right indeed violated under color of law and under Eighth Amendment Right as Prisoner inside DOCS custody and at all times relevant while plaintiff was indeed incarcerated at Green Haven Correctional Facility*__ . Plaintiff is a layman of the law, and does not know the procedures in conducting depositions that need to be conducted in order to succeed and move forward in this case.

2.      *The Plaintiff's ability to investigate:* The Plaintiff Jeremiah Herbert Pro-se/ general population) and has no ability to investigate the facts. For example, he is unable to identify, locate, and interview the witness). He is in the same situation with regard to developing the facts as an

inmate who has been transferred to a different facility, a factor that several courts have sited in appointment of counsel. ***Tucker v. Randall***, 948 F.2d 288, 391-92 (7th Cir. 1991). ***Gatson v. Coughlin***, 679 F.Supp. 270, 273 (W.D.N.Y. 1988). in addition, this case will requires considerable discovery concerning the identity of witnesses, ___*On October 3rd,2023 plaintiffs constitutional right indeed violated under color of law and under Eighth Amendment Right as Prisoner inside DOCS custody and at all times relevant while plaintiff was indeed incarcerated at Green Haven Correctional Facility*___ . (about the incident, any prior history of misuse of force by the officers, and plaintiff's medical / mental health records / history. See ***Parham v. Johnson***, 126 F.3d 454, 459 (3d Cir. 1997) (holding counsel should have been appointed because "prisoner's lack of legal experience, and the complex discovery rules clearly put him at a disadvantage in countering the defendant's / State's discovery tactics ... these [discovery] rules prevented [the Plaintiff / Defendant] from presenting an effective case below.").

*3.*     *Conflicting testimony:* The Plaintiff's / Defendant's account of his (beatings by officers) is squarely in conflict with the statements of the officers. This aspect of the case will be credibility contest between the defendants and the plaintiff, the existence of these credibility issues supports the appointment of counsel. (***Steele v. Shah***, 87 F.3d 1266, 1271 (11th Cir. 1996); ***Gatson v. Coughlin***, 679 F.Supp. at 273.

*4.*     *The ability of the indigent to present his claim:* The Plaintiff / Defendant is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. ***Forbes v. Edgar***, 112 F.3d 262, 264 (7th Cir. 1997). In addition, he is confined at Eastern Correctional Facility with very limited access to materials. ***Rayes v. Johnson***, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack for ready access to a law library as a factor supporting appointment of counsel).

*5.*     *Legal Complexity:* The large number of defendants, some who are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally

involved in the Constitutional violations to be held liable. ***Hendrick v. Coughlin***, 114 F.3d 390, 394

(2d Cir. 1997) (holding complexity of supervisory liability supported appointment of counsel). In

addition, the plaintiff has asked for a (Non) Jury Trial, which requires much greater legal skill than

the plaintiff has or can develop. ***Solls v. County of Los Angeles***, 514 F.3d 946, 958 (9th Cir. 2008)

(prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial.

**_Merit of the case:_** The Plaintiff's allegations, if proved, clearly would establish a constitutional
violation. The unprovoked and injurious beating alleged in the complaint clearly states an Fourth
and Eighth Amendment violation under color of law. See ***Hudson v. McMillian***, 503 U.S. 1, 112
S.Ct. 995 (1992). the allegations of denial of medical care amount to "intentionally interfering with
the treatment once prescribed," Which the Supreme Court has especially cited as an example of
unconstitutional deliberate indifference to prisoners' medical needs. ***Estelle v. Gamble***, 429 U.S. 97,
105, 97 S.Ct. 285 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense
with no supporting evidence, and the failure to give a meaningful statment of reasons for the
decision are all violations of clearly established due process principles. See ***Ponte v. Real***, 471 U.S.
491, 497, 105 S.Ct. 2192 (1985); ***Superintendent v. Hill***, 472 U.S. 445, 447, 105 S.Ct. 2768 (1985);
***Wolff v. McDonnell***, 418 U.S. 539, 559, 94 S.Ct. 2963 (1974). On its face, claims for Excessive
physical force used by defendants

***Nicholas Korines,***

***David Tragis ,***

***Mark Miller,***

***Joel Serrano,***

***Christopher Barto,***

And shall proceed to trial demand, Claims for In-Adequate living conditions with
**black mold**, **feces**, and **mildew** **inside h-block cell** shall proceed to trial and were indeed violated
by way of each defendant at Green Haven on **Oct. 3rd,2023 until Nov. 4th,2023**;
Plaintiff did in fact appeal all grievances under DOCS directive 4040 in a timely fashion all claims
shall proceed to non jury trial demand upon action and shall proceed to trial action.

6.    And to be properly examined plaintiff did indeed fully sustained physical serious injuries to

which damages shall be awarded and pro bono counsel shall indeed be granted by this court.

CONCLUSION

For the foregoing reasons, the court should grant the plaintiff's motion to appoint counsel.

Date:   December 21ˢᵗ 2025

Respectfully Submitted,

Jeremiah Herbert, 23b1459
Eastern Correctional Facility
P.O. Box 338
Napanoch, N.Y. 12458-0338

Jeremiah Herbert, 2381459, Pro-se, Plaintiff
P.O. Box 338
Napanoch, New York 12458-0338

United States District Court
300 Quarropas Street, Room 218
White Plains, New York 10601

Justice Nelson S. Roman

Pro-se Intake office

23-cv-9529 (NSR)

Legal-Mail

EASTERN

NEOPOST
12/31/2025
US POSTAGE $00

USMW SDNY

RECEIVED
JAN 2026
NEL
U.S. D.