USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   7/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH FOLSOM HERBERT,

                            Plaintiff,

        -against-

LIEUTENANT N. KORINES ET AL.,

                            Defendants.

7:23 CV 9529 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Jeremiah Folsom Herbert ("Plaintiff"), a prisoner in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action under 42 U.S.C. § 1983 asserting unlawful retaliation under the First Amendment, as well as constitutionally inadequate treatment and abuse of power under the Eighth Amendment. Plaintiff sues workers employed by DOCCS, including Lieutenant Nicholas Korines, Correction Officers ("C.O.") David Tragis, Joel Serrano, Christopher Barto, Daniel Murdock, and Superintendent of Green Haven Correctional Facility Mark Miller (collectively, "Defendants").

Before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ("Motion", ECF No. 84.) For the following reasons, Defendants' Motion is GRANTED.

## FACTUAL BACKGROUND

The Court assumes the Parties' familiarity with the underlying facts and the procedural history of the case. The following facts are drawn from the SAC.

Plaintiff alleges that, between October 3, 2023 and November 4, 2023, during his residency at Green Haven Correctional Facility, Plaintiff was subjected to "inadequate and unsanitary living conditions" and exposed to "hazardous conditions." (SAC, p. 3, ¶ 1.) Specifically, Plaintiff alleges

1

that Defendants Miller, Serrano, Tragis, Murdock, Barto, and Korines placed him inside of H-Block cell 267 and Special Housing Unit ("SHU") cell 29 with black mold, mildew, fungus, soap scum, and non-drinkable water and deprived him access to "proper meals, hot water supply, [and] adequate cleaning supplies." (*Id.*; p. 4, ¶ 4.) Plaintiff alleges he suffered physical and emotional injuries as a result of the unsanitary conditions, including "trouble with headaches, breathing, skin rashes, swelling, infections", "loss of sleep, upper back injuries, head trauma, shoulder pains, [and] heightened anxiety." (*Id.*, p. 3, ¶¶ 1-2.)

According to Plaintiff, on October 4, 2023, Defendant Serrano took Plaintiff to a room by B-Block unit "to cause serious injuries." (*Id.*, p. 2, ¶ 3.) On October 9, 2023, at around 11:00 a.m., Defendant Serrano again took Plaintiff to a room by B-Block unit and allegedly forced himself upon Plaintiff, smacked Plaintiff on the buttocks and grabbed Plaintiff's penis during an illegal strip search.  (*Id.*, p. 5, ¶ 2.)

Plaintiff further alleges that on October 14, 2023, Defendants Korines, Serrano, Miller and Tragis "came to H-267 cell to drag Plaintiff out of cell headfirst, with handcuffs on to yank Plaintiff out of cell by way of causing purposely slamming, beating, and causing pain to support excessive force and professional misconduct under color of law." (*Id.*, p. 5, ¶ 4.) Plaintiff alleges that this excessive force caused him to suffer physical injuries. (*Id.*, p. 6, ¶ 3.) Defendants Korines, Serrano, Miller and Tragis then allegedly denied Plaintiff access to the medical unit on October 14, 2023. (*Id.*, p. 3, ¶ 2.)

Plaintiff alleges that he filed a facility grievance with regard to inhumane conditions of confinement on October 6, 2023 and that, on November 7, 2023, he "timely appealed grievance to C.O.R.C." (*Id.*, p. 3; p. 4, ¶¶ 3-4.) With regards to the alleged use of excessive force incident on October 9, 2023, Plaintiff alleges that, on October 11, 2023, he "did timely file facility grievance

2

to I.G.R.C. coordinator" and "did timely appeal to C.O.R.C. under NYSDOCCS Directive #4040." (*Id.*, p. 5, ¶ 3.) With regards to the alleged use of excessive force incident on October 14, 2023, Plaintiff alleges that he "did timely appeal all filed grievances to C.O.R.C. in accordance with Section 701.6(9) and 42 U.S.C. § 1997e(a)." (*Id.*, p. 6, ¶ 4.) According to Plaintiff, he "did follow all three level grievance procedure in accordance with 42 U.S.C. § 1997(e)(A)." (*Id.*, p. 7.)

## PROCEDURAL HISTORY

On October 24, 2023, Plaintiff filed the original Complaint. (ECF No. 1.) On June 18, 2024, Plaintiff served the Amended Complaint, which was then filed on July 1, 2024. (ECF No. 17.) On July 31, 2025, this Court granted Defendants' motion to dismiss the Amended Complaint and granted Plaintiff leave to file an amended pleading. (ECF No. 54.) On September 3, 2025, Plaintiff filed the SAC. (ECF No. 56.) Defendants filed the instant Motion on February 13, 2026, along with a Memorandum of Law in Support ("Def. MoL"). (ECF No. 85). On February 13, 2026, Plaintiff filed two Memorandums of Law in Opposition to Defendants' Motion ("Pl. Opp.") (ECF Nos. 87-88.) On the same day, Defendants filed a Reply Memorandum of Law ("Def. Reply"). (ECF No. 89.)

## LEGAL STANDARDS

### I.      Rule 12(b)(1)

Under Federal Rules of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citation and internal quotations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). Without jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case" and for that reason, a court must decide a Rule 12(b)(1) motion before any motion on the merits. *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016).

## II.      Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit."[1] *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims

---

[1] This district also has held that a court "may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint," when a plaintiff proceeds pro se. *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (citing *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)). Accordingly, for purposes of resolving this motion, the Court accepts as true the factual allegations in Plaintiff's Complaint and opposition papers, to the extent they are all consistent, and draws all reasonable inferences in Plaintiff's favor.

"across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Finally, "where, as here, [P]laintiff proceeds *pro se*, the court must "construe [] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s].'" *Corbett v. Annucci*, 2018 U.S. Dist. LEXIS 24291, 2018 WL 919832, at *5 (S.D.N.Y Feb. 12, 2018); *Askew v. Lindsey*, No. 15-CV-7496 (KMK), 2016 U.S. Dist. LEXIS 126543, 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (alterations in original) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

### III.    42 U.S.C. § 1983 Claims and the Prison Litigation Reform Act

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983. Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under

color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Under the Prison Litigation Reform Act ("PLRA"), a plaintiff must exhaust all available administrative remedies prior to pursuing an action under 42 U.S.C. § 1983 with respect to prison conditions. 42 U.S.C. § 1997e(a). DOCCS has a three-level grievance procedure that must be exhausted prior to commencing a lawsuit. *See* N.Y. COMP. CODES R. & REGS. tit. 7 § 701.5. First, the prisoner must file a grievance with the Incarcerated Grievance Resolution Committee ("IGRC"). (*Id.*) Next, if the IGRC's decision is unfavorable, a plaintiff must file an appeal to the facility's superintendent. *Id.* Finally, if the appeal to the superintendent is unfavorable, the plaintiff must file an appeal to the Correction Review Committee ("CORC"). (*Id.*) In the Second Circuit, defendants bear the burden of proof of the affirmative defense of exhaustion. *See Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). "[T]he PLRA's exhaustion requirement applies to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Prisoners are exempt from exhaustion requirements when administrative procedures are unavailable. *See Ross v. Blake*, 578 U.S. 632, 640-41 (2016). An administrative procedure is unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it; or (3) "prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation." *Id.* at 643-44. Achieving exhaustion of remedies after the complaint has already been filed in court generally does not save the claim from dismissal. *Neal v. Goord*, 267 F.3d 116, 122 (2d. Cir. 2001).

6

## IV.    Law of the Case Doctrine

The law-of-the-case doctrine "holds that when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages unless cogent and compelling reasons militate otherwise." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). *See also In re Peters*, 642 F.3d 381 (2d Cir. 2011) (noting that while not binding the law-of-the-case doctrine counsels against a court revisiting prior rulings absent compelling reasons such as the need to correct a clear error or prevent manifest injustice); *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100 (S.D.N.Y. 2010) (same).

## DISCUSSION

This Court previously dismissed Plaintiff's Amended Complaint for failure to exhaust his available administrative remedies before filing the Complaint. (*See generally* Opinion & Order, 7/31/2025, ECF No. 54.) Plaintiff's SAC and Oppositions are similarly deficient, offering no further substantive allegations to support an inference that Plaintiff has exhausted his available remedies.

## I.    Exhaustion of Administrative Remedies

For Plaintiff to exhaust available administrative remedies, Plaintiff either needed to (1) receive a final administrative decision by CORC, or (2) have thirty days lapse after appealing the Superintendent's decision. *See* N.Y. COMP. CODES R. & REGS. tit. 7 § 701.5. Here, neither is true.

Plaintiff alleges that the incidents in question started on October 3, 2023 and ended on November 4, 2023. (*See generally* SAC.) Although Plaintiff's initial Complaint was filed on October 27, 2023, Plaintiff signed and dated his Complaint on October 24, 2023 (Compl., pp. 19,

7

22). Given that Plaintiff signed and notarized his attached Affidavit of Service of Mailing on October 23, 2023 (Compl., p. 23), Plaintiff's Complaint is presumptively filed on October 23, 2023. *See Edwards v. Gutwein*, No. 21 Civ. 3183 (PMH), 2022 WL 1093558, at *1 n.1 (S.D.N.Y. Apr. 7, 2022) (the "prison mailbox rule" deems an incarcerated individual's *pro se* complaint effectively filed when it is delivered to prison officials for mailing, which may be indicated by an affidavit of service annexed to the pleading).

Plaintiff fails to explicitly allege in his SAC on which date he filed his grievance at Green Haven Correctional Facility for the deliberate indifference to his health and safety incident that occurred between October 3, 2023 and November 4, 2023. Nevertheless, with regard to the excessive force incident that allegedly occurred on October 4, 2023, approximately 19 days passed between when that use of excessive force allegedly occurred and when Plaintiff presumptively commenced this lawsuit on October 23, 2023. With regard to the use of force incident and retaliation claims that allegedly occurred on October 9, 2023, approximately 14 days passed between when Plaintiff alleges that event occurred and when Plaintiff presumptively commenced this lawsuit on October 23, 2023. With regard to the use of force incident and retaliation claims that allegedly occurred on October 14, 2023, approximately 9 days passed between when Plaintiff alleges that event occurred and when Plaintiff presumptively commenced this lawsuit on October 23, 2023. Finally, with respect to the deliberate indifference to health and safety that allegedly started on October 3, 2023 and ended on November 4, 2023, approximately 20 days passed between when Plaintiff alleges that event started and when Plaintiff presumptively filed the present lawsuit on October 23, 2023. To satisfy the administrative grievance exhaustion requirement, an incarcerated individual must complete DOCCS's three-step Inmate Grievance Process, which is set forth in detail in Directive 4040 and 7 NYCRR § 701.5. A grievance has been properly

exhausted only after an incarcerated individual has filed an appeal of their grievance to CORC and CORC has been given, at a minimum, 30 days to issue its decision or to fail to do so. *Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020). Thus, it is mathematically impossible for Plaintiff to have fulfilled the entire three-step grievance process within any of those listed timeframes above.

Further, Plaintiff does not allege that administrative remedies were unavailable to him. Specifically, Plaintiff does not allege that: (1) the grievance process operated as a dead end because officers were unable or consistently unwilling to provide relief; (2) the grievance process was so opaque as to be practically incapable of use; or (3) prison administrators thwarted inmates from taking advantage of the grievance process. As such, Plaintiff cannot claim that he was exempt from the exhaustion requirement. Accordingly, Plaintiff has failed to exhaust the administrative remedies available to him prior to commencing this action, and Plaintiff's SAC must be dismissed. *See Bonie v. Annucci*, No. 20-CV-640 (KMK), 2023 WL 2711349, at *10 (S.D.N.Y. Mar. 30, 2023) ("courts routinely dismiss claims as a matter of course when it would have been temporally impossible for the plaintiffs to have exhausted their administrative remedies before filing the complaints") (collecting cases); *Price v. City of New York*, No. 11 CIV. 6170 TPG, 2012 WL 3798227, at *2 (S.D.N.Y. Aug. 30, 2012) ("Under the [PLRA], Congress has stated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or another Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.") (quoting 42 U.S.C. § 1997e(a)).

## II.    Additional Grounds for Dismissal

Defendants also move to dismiss Plaintiff's SAC on grounds that Plaintiff's deliberate indifference claim fails to state an Eighth Amendment violation; Plaintiff fails to sufficiently allege the personal involvement of Defendants Miller and Korines in the use of force incidents;

Defendants are entitled to qualified immunity; and the Court lacks subject matter jurisdiction. However, Plaintiff's failure to exhaust his administrative remedies is a fully adequate grounds for dismissal, and as such, the Court need not reach these additional arguments. *Price*, 2012 WL 3798227, at *3 (plaintiff's "failure to exhaust his administrative remedies is a fully adequate grounds for dismissal" alone).

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

This now being Plaintiff's third complaint and the second one dismissed on the merits, it is evident that Plaintiff cannot cure his deficiencies, and further amendment would be futile. *See Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility.") Thus, Plaintiff's claims are dismissed with leave for Plaintiff to re-commence a new action upon exhaustion of administrative remedies, if available.

The Clerk of Court is directed to mail a copy of this Opinion & Order to Plaintiff at the address on the docket and to show service on the docket. The Clerk of Court is further directed to terminate the motion at ECF No. 84 and to terminate this action.

Dated: July 1, 2026
White Plains, New York

_____
Nelson S. Román
U.S. District Judge, S.D.N.Y.

10